Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**
**ASSOCIATE CIRCUIT DIVISION**

| | |
|---|---|
| Eric Westerfield,<br><br>Plaintiff,<br><br>v.<br><br>GEICO Advantage Insurance Company,<br><br>Defendant. | Case No.<br><br>**Serve Defendant at:**<br>C T CORPORATION SYSTEM<br>5661 Telegraph Rd Ste 4B<br>Saint Louis, MO 63129-4275 |

# Petition

Plaintiff, Eric Westerfield ("Plaintiff"), individually and for all others similarly situated, files this Petition against GEICO Advantage Insurance Company ("GEICO Advantage"):

## Nature of the Action

1. This class action challenges GEICO Advantage's standardized use of Risk Alert referrals reflecting that the address in an identified person's driver's-license information matched the policy address as a basis to add the person automatically as a rated driver unless a policyholder provides information or documentation GEICO Advantage accepts as sufficient to prevent the addition. GEICO Advantage then collects the resulting premium increase. GEICO Advantage did that to Plaintiff even though the identified person was a stranger who did not live with him and had no connection to his vehicles. No contractual authority for the addition. No independent verification. No request. Just a higher premium for a policy fact GEICO Advantage created.

2. Plaintiff's Policy states that the premium for each automobile is based on information in GEICO Advantage's file and permits GEICO Advantage to adjust premiums if that information is "incorrect, incomplete or changed." That provision authorizes a premium adjustment under stated conditions; it does not authorize GEICO Advantage to add a person as a rated driver or alter the Policy's driver designations. Those are distinct acts. A driver's-license address match or an insured's failure to satisfy GEICO Advantage's proof demands does not supply the missing contractual authority for the addition. That limitation does not turn on whether the person is a stranger, relative, or household resident.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

3. GEICO Advantage calls the broader program its "driver discovery program" or "Risk Alert program." This action concerns License-Address referrals and the rated-driver additions arising from them. Through the Risk Alert Process, GEICO Advantage does not independently verify that an identified person should be designated as a rated driver. Instead, it makes that designation and charges for it unless the insured provides information or documentation GEICO Advantage accepts as sufficient to prevent the addition.

4. Through the Risk Alert Process, GEICO Advantage uses third-party driver's-license address data to identify people whose driver's-license address matches the policy address. Unlike name-and-address referrals, a license-address referral does not require the identified person's last name to match the named insured's last name. GEICO Advantage sends a negative-option communication with a stated response period and, when its records reflect that the insured has not provided information or documentation GEICO Advantage accepts as sufficient to prevent the addition—including no response or a response GEICO Advantage deems insufficient—automatically adds the identified person as a rated driver and rerates the policy.

5. The Risk Alert address match did not reflect an actual household or vehicle risk here. The identified person did not reside with Plaintiff, use or own any insured vehicle, or otherwise belong on Plaintiff's policy. GEICO Advantage nevertheless added the person through the Risk Alert Process, increased Plaintiff's premium, collected the increase, and removed the person only after Plaintiff objected.

6. The same standardized practice injured other GEICO Advantage policyholders. GEICO Advantage's records identify the referral type, the resulting rated-driver addition, the policy-level premium increase, payments, credits, and refunds. Those records permit the affected persons and policy-level losses to be identified without treating multiple named insureds associated with one policy as multiple premium increases.

7. GEICO Advantage is the only defendant. The proposed class includes only GEICO Advantage policyholders and only charges collected by GEICO Advantage. This Petition does not allege liability against any other GEICO-branded underwriting company or seek recovery for any other company's insureds.

8. Plaintiff seeks only nonduplicative monetary recovery of the Policy-Level Losses GEICO Advantage collected and retained because of the challenged additions, together with applicable interest and taxable costs. A single rated-driver addition on one policy or account

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

produces no more than one monetary loss, regardless of the number of named insureds or other persons associated with that policy or account. Plaintiff does not seek punitive damages, statutory penalties, attorney's fees, a declaratory judgment, an injunction, specific performance, or any recovery beyond those unrefunded increased premiums.

## Jurisdiction and Venue

9. This is a civil action within this Court's subject-matter jurisdiction.

10. GEICO Advantage is authorized to transact, and transacts, insurance business in Missouri. It is registered with the Missouri Secretary of State and maintains its registered agent and registered office in St. Louis County.

11. For venue purposes, a foreign insurance company is deemed to reside in the county where its registered office is maintained. § 508.010.17, RSMo. Because GEICO Advantage maintains its registered office in St. Louis County, venue is proper here under § 508.010.2(1), RSMo.

12. Plaintiff's claims arise from GEICO Advantage's Missouri-directed conduct. While Plaintiff resided and paid premiums in Missouri, GEICO Advantage renewed and administered his policy, sent him the Risk Alert, added the unrequested driver, increased the premium, and collected payment.

## The Parties

***Plaintiff***

13. Plaintiff is a Missouri citizen. He moved to Missouri on or about April 15, 2024, and has lived and garaged his vehicles in Missouri since that date.

14. At all relevant times, Plaintiff was the named insured under a private-passenger automobile policy issued by GEICO Advantage for personal, family, or household use. Plaintiff performed his obligations under the policy, including paying the required premiums.

***GEICO Advantage***

15. GEICO Advantage is incorporated under Nebraska law. Its statutory home office is located at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102, and its principal executive office is located at 7272 Wisconsin Avenue, Bethesda, Maryland 20814. It may be served through C T Corporation System, 5661 Telegraph Road, Suite 4B, St. Louis, Missouri 63129-4275.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

16. GEICO Advantage is authorized to write and actively writes private-passenger automobile insurance in Missouri. Its Risk Alert program is active in Missouri.

17. While Plaintiff resided in Missouri, GEICO Advantage renewed, administered, and modified the Policy, communicated with him by regular mail and email, and accepted his premium payments from Missouri.

## Factual Allegations

***Plaintiff's Policy and Missouri Residence***

18. On or about April 15, 2024, Plaintiff moved to Missouri. From then forward, he lived in Missouri full time and garaged his insured vehicles in Missouri.

19. GEICO Advantage issued Plaintiff a policy with a coverage period of August 12, 2024, through February 12, 2025 ("Policy"). A copy of Plaintiff's Policy, or a policy substantially like Plaintiff's Policy, is attached as **Exhibit 1**. GEICO Advantage was the underwriting company identified on the Policy's declarations page.

20. After Plaintiff moved, GEICO Advantage communicated with him while he lived in Missouri, including by sending policy documents, communications, notices, and billing statements through regular mail and email. Plaintiff also used GEICO Advantage's website and mobile application from Missouri to manage the Policy, review communications, notices and driver information, and make payments.

21. While Plaintiff resided in Missouri, GEICO Advantage offered to renew his coverage for the August 12, 2024, through February 12, 2025, term. Plaintiff accepted that offer and renewed the Policy by paying the required premium from Missouri.

22. The Policy states: "The premium for each auto is based on the information we have in your file." It then provides that GEICO Advantage may adjust premiums during the policy term "if any of this information on which the premiums are based is incorrect, incomplete or changed." These provisions identify information relevant to rating and authorize premium adjustments; they do not authorize GEICO Advantage to add a person as a rated driver or change the Policy's driver designations.

23. The Policy also provides the insured should cooperate in determining whether information is correct and complete. But a duty to cooperate does not authorize GEICO Advantage to add a person as a rated driver, and the Policy does not state that a failure to provide information

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

or documentation GEICO Advantage accepts as sufficient creates that authority. Nor does it make a fixed response deadline or a failure to satisfy GEICO Advantage's proof demands a contractual mechanism for changing the Policy's driver designations. A right to request cooperation is not an unstated right to make a rated-driver addition.

24. The Policy's coverage provisions distinguish the named insured, relatives who reside in the household, and other people who use an insured vehicle with permission. Those provisions define who may be covered; they do not define who GEICO Advantage may list or rate as a driver. Nothing in them authorizes the Risk Alert Process or permits GEICO Advantage to add an unrequested person as a rated driver based on a driver's-license address match when the insured has not provided information or documentation GEICO Advantage accepts as sufficient to prevent the addition—even if the person is related to or resides with the insured.

***GEICO Advantage's Risk Alert Process***

25. GEICO Advantage operates what it calls a "driver discovery program" or "Risk Alert program." A senior manager affiliated with GEICO Advantage has testified the program uses third-party data that a vendor obtains from state departments of motor vehicles or equivalent agencies, including Missouri.

26. Upon information and belief, GEICO Advantage uses two materially different address-match criteria in the Risk Alert Process. A name-and-address referral requires both the identified person's last name and address to match information associated with the policy. The category challenged here relies on a match between the address in the identified person's driver's-license information and the policy address, without requiring the identified person's last name to match the named insured's last name.

27. Unlike a name-and-address match, a License-Address match does not require the identified person's last name to match the named insured's last name. A driver's-license address may be stale, incomplete, or wrong and may associate a former resident, an unrelated person, or a person who never lived with the insured to the policy address.

28. A License-Address match establishes only that an address appearing in the identified person's driver's-license information matched the policy address. It does not establish that the person resides with the insured, uses or owns an insured vehicle, has permission to use a vehicle, lacks other insurance, or otherwise should be designated as a rated driver.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

29. Upon information and belief, GEICO Advantage does not independently confirm those facts before a Risk Alert driver addition. Nor does it obtain the insured's request or affirmative confirmation before designating the identified person as a rated driver.

30. The standardized Risk Alert says only that it "appears" the identified person "may be a licensed or permitted driver" with the insured's address listed as a primary address. It nevertheless states that GEICO Advantage will automatically add the person if the insured takes no action within the stated response period. GEICO Advantage also may add the person when the insured responds but does not provide information or documentation GEICO Advantage accepts as sufficient to prevent the addition. In either circumstance, GEICO Advantage treats the insured's failure to satisfy its proof demand as authority to make the rated-driver designation; it then rerates the policy and charges the resulting premium increase, even though the Policy does not authorize the antecedent driver addition.

31. When GEICO Advantage makes a Risk Alert driver addition after the recorded response period closes, it rerates the policy and charges an increased premium as though the identified person presents an actual insured risk.

32. Upon information and belief, the Risk Alert notices, response criteria, underwriting-addition rules, and rating processes applicable to the license-address referrals challenged here are materially uniform. Together, they constitute the "Risk Alert Process."

***GEICO Advantage's Conduct Toward Plaintiff***

33. On October 2, 2024, while Plaintiff resided in Missouri, GEICO Advantage sent Plaintiff an email with the subject line "Urgent message regarding your GEICO auto policy."

34. Plaintiff's Risk Alert stated, based on information from a consumer reporting agency, it "appears" an identified person "may be a licensed or permitted driver" with Plaintiff's address listed as a primary address. A copy of Plaintiff's Risk Alert is attached as **Exhibit 2**.

35. Upon information and belief, GEICO Advantage's records reflect that Plaintiff's Risk Alert arose from a match between the address in the identified person's driver's-license information and Plaintiff's policy address, without requiring the identified person's last name to match Plaintiff's last name. Plaintiff's Risk Alert stated the person would be "automatically added" to Plaintiff's Policy if Plaintiff took no action within 15 days.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

36. Plaintiff did not know the identified person. The person did not live in Plaintiff's household, did not use or own any insured vehicle, did not have Plaintiff's permission to use a vehicle, and had no relationship to Plaintiff or his family.

37. Upon information and belief, GEICO Advantage did not provide the underlying data, contact the identified person, independently verify that the person lived with Plaintiff or used an insured vehicle, or otherwise verify that any Policy fact was incorrect, incomplete, or changed.

38. Plaintiff did not request or authorize the addition and did not agree that failing to satisfy GEICO Advantage's proof demands would amend his Policy.

39. Upon information and belief, after the recorded response period closed, GEICO Advantage's records show it made a License-Address Risk Alert Addition effective October 19, 2024, by adding the unrequested person as an additional driver. A copy of the resulting declarations page is attached as **Exhibit 3**.

40. According to GEICO Advantage, the License-Address Risk Alert Addition lasted six days and increased Plaintiff's premium by $13.19. Plaintiff paid the increased charge while residing in Missouri.

41. After Plaintiff objected, GEICO Advantage removed the person from the Policy. The removal reflected that the person did not present an actual household or vehicle risk.

42. GEICO Advantage did not fully refund the increased premium it collected for the six-day addition. It retained money charged for a person who never resided with Plaintiff or presented a risk under the Policy.

43. Plaintiff had no practical choice but to pay the billed premium to preserve continuous automobile coverage and avoid cancellation, a lapse in coverage, and related consequences.

***GEICO Advantage's Conduct Toward the Class***

44. GEICO Advantage subjected the proposed Class to the same material conduct through the Risk Alert Process: its records reflected a license-address referral; it sent a standardized Risk Alert; its records reflected that the insured had not provided information or documentation it accepted as sufficient to prevent the addition, including no response or a response it deemed insufficient; it added the identified person as a rated driver after the recorded response period closed; and it rerated the policy, increased the premium, and collected payment.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

45. GEICO Advantage issued Plaintiff and the proposed Class materially similar policies containing the same operative premium, changes, cooperation, and household-driver provisions.

46. The challenged rated-driver additions were made by GEICO Advantage through the Risk Alert Process rather than at the named insureds' request. Any resulting premium increase was assessed through a single driver-addition transaction on the policy or account; it was not a separate premium charge imposed on each named insured or other person associated with that policy or account.

47. GEICO Advantage's electronic records identify the policy or account, the named insureds associated with it, the relevant Risk Alert referral and notice, the underwriting driver-addition transaction, the premium increase attributable to the addition, payments, and all refunds and credits attributable to that addition. Those records permit the net amount paid to and retained by GEICO Advantage to be calculated once for each unique policy or account and License-Address Risk Alert Addition.

## Class Allegations

48. Plaintiff brings this action individually and under Missouri Rule of Civil Procedure 52.08(a) and (b)(3) for the following class ("Class"):

> ***Class***
>
> All natural persons whom GEICO Advantage's records identify as named insureds on a private-passenger automobile policy when a License-Address Risk Alert Addition occurred during the five years preceding the filing of this Petition, and for whose policy or account GEICO Advantage's rating and billing records show that, as of the filing of this Petition, GEICO Advantage had collected and retained more than $0 of premium attributable to that addition, after all refunds and credits attributable to the addition.

49. "License-Address Risk Alert Addition" means a rated-driver-addition transaction that GEICO Advantage's records identify as made through the Risk Alert Process after expiration of the response deadline recorded for the referral, where the applicable referral criterion required a match between the address in the identified person's driver's-license information and the policy address but did not require the identified person's last name to match the named insured's last name.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

50. For each unique License-Address Risk Alert Addition, the "Policy-Level Loss" is the net premium attributable to the addition that GEICO Advantage collected and retained after all refunds and credits attributable to the addition. The Policy-Level Loss is calculated at the policy-or-account level. Any amount attributable to an unrelated policy change is excluded.

51. Each License-Address Risk Alert Addition creates one Policy-Level Loss. That loss may be counted and recovered only once, regardless of the number of named insureds, other insured persons, drivers, account holders, payors, notices, billing entries, or Class members associated with the policy, account, or addition. Any refund or credit issued after the filing of this Petition reduces the recoverable Policy-Level Loss but does not alter Class membership, which is determined as of the filing date. No Policy-Level Loss may be recovered more than once.

52. Excluded from the Class are: (a) GEICO Advantage and its parents, subsidiaries, affiliates, officers, directors, and employees; (b) the judicial officer assigned to this action and court staff; (c) all persons falling within any putative class definition alleged in the operative complaint in *Kane v. GEICO Casualty Co.*, Case No. 6:25-cv-00532-JSS-LHP (M.D. Fla.); and (d) Plaintiff's counsel.

53. The Class is objectively ascertainable—and its License-Address Risk Alert Additions and Policy-Level Losses can be identified and calculated without duplication—from GEICO Advantage's policy or account numbers, named-insured records, Risk Alert referral records and notices, driver-addition transactions, response deadlines, rating and billing records, payments, refunds, and credits.

54. Certification is appropriate because Plaintiff can prove GEICO Advantage's standardized conduct, the meaning of the materially uniform Policy provisions, whether authority to adjust premiums also authorizes the antecedent rated-driver additions, and the single Policy-Level Loss attributable to each unique policy or account and License-Address Risk Alert Addition through common evidence.

***Numerosity***

55. Missouri Rule of Civil Procedure 52.08(a)(1): The Class is so numerous that joinder is impracticable. The number of natural persons satisfying every Class criterion is ascertainable from GEICO Advantage's records and, upon information and belief, far exceeds forty.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

***Commonality and Predominance***

56. Missouri Rule of Civil Procedure 52.08(a)(2) and (b)(3): Common questions of law and fact predominate, including:

a. Whether GEICO Advantage used the standardized Risk Alert Process alleged;

b. Whether the materially uniform Policy provisions authorizing premium adjustments also authorize GEICO Advantage to add a person as a rated driver or change the Policy's driver designations through the Risk Alert Process;

c. Whether a license-address match and an insured's failure to satisfy GEICO Advantage's proof demands supply contractual authority for that rated-driver addition;

d. Whether making a License-Address Risk Alert Addition breached the materially uniform Policy provisions or, alternatively, violated the implied covenant of good faith and fair dealing;

e. Whether GEICO Advantage inequitably retained premium increases generated through License-Address Risk Alert Additions;

f. Whether GEICO Advantage's records identify each unique License-Address Risk Alert Addition and calculate its single Policy-Level Loss without multiplying that loss by the number of insureds or other persons associated with the policy or account.

***Typicality***

57. Missouri Rule of Civil Procedure 52.08(a)(3): Plaintiff's claims are typical because his claim arises from a License-Address Risk Alert Addition and the same materially uniform Policy provisions, standardized Risk Alert Process, driver-addition transaction, rerating, and theories of liability as the Class claims. Plaintiff does not allege that his $13.19 increase, approximately $2.20 daily rate, six-day duration, or the ratio of insureds to policies or transactions represents a classwide average. Variations in amounts and durations do not alter the common liability questions, and GEICO Advantage's records determine the Policy-Level Loss for each unique policy or account and License-Address Risk Alert Addition.

***Adequacy***

58. Missouri Rule of Civil Procedure 52.08(a)(4): Plaintiff's interests do not conflict with the Class. He has retained counsel experienced in complex class litigation and will vigorously prosecute the action. Plaintiff and counsel will fairly and adequately protect the Class.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

***Superiority***

59. Missouri Rule of Civil Procedure 52.08(b)(3): A class action is superior because each premium increase is too small to justify separate litigation, the same Policy language and standardized process control liability, and GEICO Advantage's records permit mechanical, nonduplicative calculation of the single Policy-Level Loss attributable to each unique policy or account and License-Address Risk Alert Addition. Class treatment avoids inconsistent judgments and provides one efficient adjudication.

## Count I
### Breach of Contract
### (Plaintiff and Class)

60. Plaintiff incorporates the allegations above concerning the parties, the materially uniform Policy terms, GEICO Advantage's Risk Alert Process, the rated-driver additions and resulting premium increases, Plaintiff's payment, and the Class definition.

61. Plaintiff and the Class entered enforceable insurance contracts with GEICO Advantage and performed their obligations, including paying the required premiums.

62. The policies state GEICO Advantage may adjust premiums if information on which the premiums are based is incorrect, incomplete, or changed. They do not state this premium-adjustment authority includes authority to add a person as a rated driver or alter the policies' driver designations.

63. Through the challenged process, GEICO Advantage performed two distinct acts: it first designated an identified person as a rated driver based on a license-address referral and the insured's failure to satisfy GEICO Advantage's proof demands; it then rerated the policy and collected additional premium attributable to that designation.

64. No policy provision authorizes the antecedent rated-driver addition through the Risk Alert Process. GEICO Advantage cannot convert authority to adjust the amount of premium into authority to change whom the policies identify and rate as drivers.

65. The duty to cooperate does not supply that missing authority. Neither no response nor a response GEICO Advantage deems insufficient creates a contractual right to add the identified person as a rated driver.

66. A driver's-license address match may justify an inquiry, but the policies do not authorize GEICO Advantage to turn that match or an insured's failure to satisfy its proof demands

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

into a rated-driver addition. This limitation applies regardless of whether the identified person is a stranger, relative, or household resident.

67. GEICO Advantage materially breached the policies by making License-Address Risk Alert Additions without contractual authority and collecting the premium increases attributable to those additions.

68. GEICO Advantage's conduct caused one Policy-Level Loss for each unique policy or account and License-Address Risk Alert Addition. Plaintiff and the Class are entitled to recover each Policy-Level Loss once, without multiplying it by the number of named insureds, other insured persons, payors, or Class members associated with the same policy, account, or addition.

## Count II
### Breach of the Covenant of Good Faith and Fair Dealing
### (Plaintiff and Class)

69. Plaintiff incorporates the allegations above concerning the parties, the materially uniform Policy terms, GEICO Advantage's discretion in administering those terms, the Risk Alert Process, the resulting premium increases and payments, and the Class definition.

70. Plaintiff pleads this Count as an alternative theory to the extent the policies give GEICO Advantage discretion to investigate information, identify household drivers, modify policy records, or adjust premiums.

71. Every policy included an implied covenant requiring GEICO Advantage to exercise that discretion honestly, in good faith, and consistently with the contracts' common purpose and the insureds' justified expectations.

72. If the policies confer discretion to investigate rating information, modify policy records, or adjust premiums, GEICO Advantage exercised that discretion in bad faith by converting it into a process for adding rated drivers the policies do not authorize, treating license-address matches and proof-demand status as sufficient for those additions without independent verification, and shifting to insureds the burden of disproving information GEICO Advantage chose to obtain and use.

73. That practice evaded the policies' limits and denied Plaintiff and the Class the benefit of the distinction between a permitted premium adjustment and an unauthorized rated-driver addition.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

74. GEICO Advantage's standardized practice served its financial interest by collecting increased premiums attributable to rated-driver additions the policies did not authorize.

75. GEICO Advantage's conduct caused one Policy-Level Loss for each unique policy or account and License-Address Risk Alert Addition. Plaintiff and the Class are entitled to recover each Policy-Level Loss once, without multiplying it by the number of named insureds, other insured persons, payors, or Class members associated with the same policy, account, or addition.

## Count III
### Unjust Enrichment
### (Plaintiff and Class)

76. Plaintiff incorporates the allegations above concerning the parties, GEICO Advantage's Risk Alert Process, the rated-driver additions and resulting premium increases, GEICO Advantage's receipt and retention of the payments, and the Class definition.

77. Plaintiff pleads this Count only in the alternative to the extent GEICO Advantage contends, or the Court determines, that the policies do not govern the automatic additions and resulting charges.

78. For each unique policy or account and License-Address Risk Alert Addition, payment of the resulting premium increase conferred on GEICO Advantage a single policy-level monetary benefit equal to the Policy-Level Loss, regardless of the number of persons associated with the policy or account.

79. GEICO Advantage knew of, accepted, and retained those payments.

80. Retention is inequitable because GEICO Advantage collected the charges only after making rated-driver additions not authorized by the policies. Any authority to adjust premiums did not authorize the antecedent driver-addition transactions through which GEICO Advantage generated the charges. In Plaintiff's case, the identified person also did not reside with him, use or own an insured vehicle, or otherwise present the risk for which GEICO Advantage collected the additional premium.

81. Plaintiff and the Class are entitled, in the alternative and without duplicative recovery, to restitution of each Policy-Level Loss once, regardless of the number of Class members associated with the same policy or account and License-Address Risk Alert Addition.

Electronically Filed - St Louis County - August 04, 2026 - 04:15 PM

## Request for Relief

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and request judgment as follows:

A. certify the Class under Missouri Rule of Civil Procedure 52.08(a) and (b)(3), appoint Plaintiff as Class Representative, and appoint undersigned counsel as Class Counsel;

B. award Plaintiff and the Class actual damages under Count I or, in the alternative, Count II, equal to the Policy-Level Losses, with each loss recovered only once regardless of the number of persons associated with the corresponding policy or account and License-Address Risk Alert Addition;

C. in the alternative to contract damages and without duplicative recovery, award restitution under Count III of those same Policy-Level Losses, with each loss recovered only once;

D. award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

E. award taxable costs as permitted by applicable law; and

F. grant such other nonduplicative legal relief consistent with the limited monetary recovery requested above.

**ONDERLAW, LLC**

By: */s/ Jesse B. Rochman*

Martin L. Daesch, #40494
Jesse B. Rochman, #60712
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
(314) 963-1700 (facsimile)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*