UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC WESTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>GEICO ADVANTAGE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. 4:26-cv-01528-SRC |

**<u>Order</u>**

In February 2026, GEICO removed plaintiff Eric Westerfield's putative class-action lawsuit to federal court. *See generally* Notice of Removal, *Westerfield v. Gov't Emps. Ins. Co.*, No. 4:26-cv-00173 (E.D. Mo. Feb. 4, 2026) ("*Westerfield I*"). Westerfield alleged that GEICO and its affiliates adopted a scheme that added drivers onto an existing insurance policy if the policy address and drivers-license address matched. Complaint at 6–7, *Westerfield I*, No. 4:26-cv-00173 (E.D. Mo. Feb. 6, 2026) (A "petition" in Missouri state court serves as the analogue of a federal "complaint," and the Court uses the latter term) (The Court cites to page number as assigned by CM/ECF.). The Court transferred the case to the Middle District of Florida under the "first-to-file" rule, *Westerfield I*, No. 4:26-cv-00173, 2026 WL 2144550, at *11 (E.D. Mo. July 27, 2026), but Westerfield voluntarily dismissed the case before transfer, Notice of Voluntary Dismissal, *Westerfield I*, No. 4:26-cv-00173 (E.D. Mo. Aug. 4, 2026). That first-filed case remains pending. *See Kane v. GEICO Cas. Co.*, No. 6:25-cv-00532-JSS-LHP (M.D. Fla. filed Mar. 26, 2025). Westerfield now files a substantially equivalent complaint in this Court again. *See* doc. 1 at 2–5; doc. 1-4.

"[T]he first-filed rule gives priority, for the purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Yancey v. State Farm Mut. Auto. Ins. Co.*, No. 4:23-cv-00377-SRC, 2023 WL 5019769, at *2 (E.D. Mo. Aug. 7, 2023) (citing *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993)); *see Bunge-SCF Grain, LLC v. Webster*, No. 4:23-cv-00734-SRC, 2023 WL 9023168, at *2 (E.D. Mo. Dec. 29, 2023). "Parallel litigation exists when 'substantially the same parties litigate substantially the same issues in different forums.'" *Yancey*, 2023 WL 5019769, at *2 (citing *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968 (8th Cir. 2013)). "[C]ourts look at three factors when deciding to apply the first-filed rule: (1) timing of events; (2) the similarity of the parties involved; and (3) the similarity of the claim or issues at stake." *Brinker v. Kraft Heinz Foods Co.*, No. 4:24-cv-704-MTS, 2024 WL 3638243, at *2 (E.D. Mo. Aug. 1, 2024). Having already addressed these factors and found them in favor of transfer, *Westerfield I*, 2026 WL 2144550, at *11, the Court questions the legal basis for Westerfield's refiling this case in this court and whether doing so violates Rule 11 of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 11(b).

Accordingly, the Court orders Westerfield to, no later than October 13, 2026, show cause in writing (i) why the Court should not transfer this action to the Middle District of Florida under the "first-to-file" rule, and (ii) why the Court should not sanction him for refiling this case in this court after the Court transferred *Westerfield I* to the Middle District of Florida.

So ordered this 29th day of September 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE