**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

Eric Westerfield,

Plaintiff,

v.

GEICO Advantage Insurance Company,

Defendant.

Case No. 4:26-cv-01528-SRC

# Motion to Remand

Plaintiff moves under 28 U.S.C. § 1447(c) to remand this action to the Circuit Court of St. Louis County, Missouri. GEICO Advantage Insurance Company ("GEICO Advantage") has not established that more than $5 million is in controversy under the Class Action Fairness Act (CAFA). The accompanying memorandum explains why GEICO Advantage's calculation lacks the factual support required by *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023):

1. GEICO Advantage uses a 184-day duration estimate without explaining why materially similar day-184 persistence evidence, which supported a 90-day estimate in the prior action, supports more than doubling that estimate here. Doc. 1 ¶ 36; Doc. 1-2 ¶¶ 6–7.

2. Its count of more than 16,000 "customers" or "insureds" is not tied to distinct qualifying policy/account additions, although the Petition permits only one Policy-Level Loss per addition. Doc. 1-2 ¶¶ 3–7; Doc. 5 ¶¶ 48–51.

3. Its $2.20 daily-rate proxy is Westerfield's gross charge. The Petition expressly rejects treating that charge as a classwide average and measures loss as premium collected and retained after attributable refunds and credits. GEICO Advantage supplies no replacement factual basis for the proxy. Doc. 1-2 ¶ 5; Doc. 5 ¶¶ 48, 50, 57.

If the Court needs additional evidence, Plaintiff alternatively requests limited jurisdictional discovery into the query, filters, and counting units producing the License-Address cohort; representative sampling of net retained premium; and the numerator, denominator, and interval data behind the duration statistic. The accompanying memorandum describes the proposed discovery and its supporting authorities.

Plaintiff incorporates the accompanying memorandum and requests remand. Alternatively, Plaintiff requests the limited jurisdictional discovery described there and supplemental briefing before the Court decides jurisdiction.

**ONDERLAW, LLC**

By: *<u>/s/ Martin L. Daesch</u>*
Martin L. Daesch, #40494 (MO)
Jesse B. Rochman, #60712 (MO)
110 E. Lockwood Ave.
St. Louis, MO 63119
(314) 963-9000 (telephone)
daesch@onderlaw.com
rochman@onderlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

I certify that on October 2, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Martin L. Daesch*