**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Eric Westerfield,<br><br>Plaintiff,<br><br>v.<br><br>GEICO Advantage Insurance Company,<br><br>Defendant. | Case No. 4:26-cv-01528-SRC |

**DEFENDANT'S MOTION TO DISMISS**

Defendant GEICO Advantage Insurance Company ("GEICO Advantage" or "Defendant") respectfully moves this Court to dismiss Plaintiff Eric Westerfield's Petition pursuant to the "first-to-file" rule, Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As more fully explained in Defendant's Memorandum of Law in Support of this Motion, Plaintiff's Petition is procedurally deficient and substantively flawed, warranting dismissal.

*First*, this action should be dismissed pursuant to the "first-to-file" rule because, as this Court has already found, a nearly identical class action—challenging the same alleged practice, asserting nearly identical claims, and brought by Mr. Westerfield's counsel—is already pending in the Middle District of Florida. *Kane v. GEICO Cas. Co.*, Case No. 6:25-cv-00532 (M.D. Fla. 2025).

*Second*, even were this Court not to apply the "first-to-file" rule, this case should still not proceed in Missouri because this Court lacks jurisdiction over GEICO Advantage. As this Court previously recognized, Plaintiff has not pleaded any facts that would sustain a finding of general

jurisdiction over GEICO Advantage, which is not incorporated in Missouri and does not maintain its principal place of business in this state. *See Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 (2014). And while this Court previously concluded that Plaintiff had adequately pleaded specific jurisdiction over "GEICO"—defined in *Westerfield I* to include each of the eight GEICO defendants at issue—Defendant respectfully suggests that this conclusion no longer holds now that GEICO Advantage is the sole defendant. Specifically, there can be no such jurisdiction where Plaintiff cannot draw *any* connection between this forum and his allegations about GEICO Advantage's Risk Alert program, which GEICO Advantage ***does not even utilize for Missouri-based policies***. In fact, at the time the drivers at issue were added to Mr. Westerfield's Kansas Policy, GEICO Advantage ***did not even issue Missouri insurance policies***. Through this lens, it is clear that haling GEICO Advantage into Missouri for a lawsuit relating to Kansas-directed conduct is the type of "'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person'" that courts forbid. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

*Third*, even if jurisdiction were proper, dismissal under Rule 12(b)(6) would still be warranted because Mr. Westerfield's threadbare allegations fail to state a claim for relief. Specifically, because Mr. Westerfield's insurance policy with GEICO Advantage *expressly authorizes* the conduct about which he complains, each of his three claims must fail. In addition, his good faith and fair dealing and unjust enrichment claims are independently subject to dismissal as duplicative of and inconsistent with his breach of contract claim. Because each of these issues cannot be cured as a matter of law, Mr. Westerfield's Petition should be dismissed with prejudice. *AIDS Healthcare Found. v. Express Scripts, Inc.*, 658 F. Supp. 3d 693, 703 (E.D. Mo. 2023) (recognizing that where a party has "complied with the terms of the parties' contract," there can be

no breach); *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 513 (8th Cir. 2018) (finding no breach of implied covenant where "contract expressly permits the actions being challenged"); *Blair v. City of Hannibal*, 179 F. Supp. 3d 901, 911 (E.D. Mo. 2016) ("[I]f no injustice results from the defendant's retention of the benefit, then no cause of action for unjust enrichment will lie.").

WHEREFORE, Defendants respectfully request that the Court dismiss Mr. Westerfield's claims: (1) in favor of the earlier-filed *Kane* Action pursuant to the "first-to-file" rule; (2) for lack of personal jurisdiction pursuant to Rule 12(b)(2); or (3) for failure to state a claim pursuant to Rule 12(b)(6).

Date: October 2, 2026

Respectfully submitted,

*/s/ W. Jason Rankin*

W. Jason Rankin #626724
Charles Insler, #58623
Emilee M. Bramstedt, #71802
701 Market St., Ste. 1400
St. Louis, MO 63101
314-241-6160
wjr@heplerbroom.com
cni@heplerbroom.com
emb@heplerbroom.com

George E. Mastoris
(*pro hac vice forthcoming*)
Adam P. Moskowitz
(*pro hac vice forthcoming*)
**WINSTON TAYLOR LLP**
200 Park Ave.
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
george.mastoris@winstontaylor.com
adam.moskowitz@winstontaylor.com

Samantha Lerner

(*pro hac vice forthcoming*)
**WINSTON TAYLOR LLP**
300 N. LaSalle Drive
Chicago, IL 60654
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
samantha.lerner@winstontaylor.com

*Counsel for Defendant GEICO Advantage Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Dismiss was filed electronically on October 2, 2026, and served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ W. Jason Rankin*

*Counsel for Defendant*
*GEICO Advantage Insurance Company*