**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| Eric Westerfield,<br><br>Plaintiff,<br><br>v.<br><br>GEICO Advantage Insurance Company,<br><br>Defendant. | Case No. 4:26-cv-01528-SRC |

**DECLARATION OF ALLISON HOSKINS**

I, Allison Hoskins, being of lawful age and duly sworn upon my oath, state as follows:

1. I am over 18 years of age. I am authorized to provide this declaration on behalf of Defendant GEICO Advantage Insurance Company ("GEICO Advantage"). I have reviewed the Petition filed in the above-captioned matter. If called upon to do so, I am competent to and would testify to the matters set forth herein, of which I have personal knowledge.

2. As described in my declarations filed in Mr. Westerfield's original lawsuit and in my first declaration filed in this case, I work with GEICO as a Senior Manager, Underwriting Efficiency & Information Management. *See* ECF No. 1-2; *see also Westerfield, et al. v. Government Employees Ins. Co. et al.*, Case No. 4:26-CV-00173 (E.D. Mo. 2026) (hereinafter, "*Westerfield I*"), ECF Nos. 1-2, 40-1. In that capacity, during the relevant time period, I was responsible for managing and implementing GEICO's driver discovery program, which proactively identifies youthful drivers in GEICO customers' households who are not listed on the customers' policies. In furtherance of those efforts, GEICO's Risk Alert program utilizes third-party data that its vendor obtains directly from each state's respective Department of Motor Vehicles or equivalent agency (*e.g.*, the Division of Motor Vehicles, Motor Vehicle

Administration, etc.), to identify youthful drivers whom those government records indicate reside at GEICO insureds' addresses.

3. As described in my first declaration (ECF No. 1-2 ¶ 4), GEICO Advantage does not currently, and did not at any point during the putative class period, use the Risk Alert program in connection with its Missouri policies. This holds true with respect to Mr. Westerfield, who did not have a Missouri policy at the time of the alleged Risk Alert notice at issue. Instead, Mr. Westerfield had a Kansas policy and was insured in the state of Kansas at the time the alleged Risk Notice was sent, as further detailed in Exhibit 1 to Mr. Westerfield's Petition.

4. This makes sense, as Mr. Westerfield could not have had a Missouri policy from GEICO Advantage at that time because GEICO Advantage did not insure policyholders in the State of Missouri at the time the alleged drivers were added to Mr. Westerfield's policy. This is consistent with my review of Mr. Westerfield's account, which confirms that, once GEICO learned of his relocation to Missouri (after the alleged Risk Alert notice was sent), GEICO Advantage ceased insuring him.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 1, 2026

Allison Hoskins