**No. 2025-9142**

**Official Order**
**of the**
**Texas Commissioner of Insurance**

**Date: 2/20/2025**

**Subject Considered:**

GEICO Texas County Mutual Insurance Company
5260 Western Avenue
Chevy Chase, MD 20815

Consent Order
TDI Enforcement File No. 36362

**General remarks and official action taken:**

This is a consent order with GEICO Texas County Mutual Insurance Company (GEICO). GEICO self-reported that it incorrectly rated some personal automobile policies by assigning a premium consequence to a zero-dollar claim. GEICO has agreed to pay restitution with interest to the affected policyholders.

**Waiver**

GEICO acknowledges that the Texas Insurance Code and other applicable law provide certain rights. GEICO waives all of these rights, and any other applicable procedural rights, in consideration of the entry of this consent order.

**Findings of Fact**

1. GEICO is a domestic county mutual company holding a certificate of authority to transact business in Texas.

2. Texas Insurance Code 1953.051(b) prohibits a rating plan regarding personal automobile insurance from (1) assigning a rate consequence solely to a consumer inquiry made by an applicant or insured or a claim filed by an insured under a

personal automobile insurance policy that is not paid or payable under the policy or (2) otherwise causing premium for personal automobile insurance to be increased solely because of an inquiry or claim not paid or payable under the policy.

3. In January 2025, GEICO reported to the department that a rating error resulted in policyholders being improperly charged for zero-dollar claims. GEICO discovered the error in August 2024 and implemented a change to prevent further overcharges.

4. GEICO represents that the error affected more than 80,000 policies and the affected policyholders will be paid more than $18 million in restitution, including interest.

## Conclusions of Law

1. The commissioner has jurisdiction over this matter under TEX. INS. CODE §§ 82.051–82.055, 84.021–84.044, 801.051-801.053, 912.002, 912.101-912.152, 1953.051, 2251.101 and TEX. GOV'T CODE §§ 2001.051-2001.178.

2. The commissioner has the authority to informally dispose of this matter as set forth in TEX. GOV'T CODE § 2001.056, and TEX. INS. CODE §§ 36.104 and 82.055.

3. GEICO has knowingly and voluntarily waived all procedural rights to which it may have been entitled regarding the entry of this order, including, but not limited to, issuance and service of notice of intention to institute disciplinary action, notice of hearing, a public hearing, a proposal for decision, rehearing by the commissioner, and judicial review.

4. GEICO violated TEX. INS. CODE § 1953.051(b) by assigning a rate consequence to claims that were not paid or payable.

5. GEICO violated TEX. INS. CODE § 2251.101 by rates different than those on file with the department.

6. Pursuant to TEX. INS. CODE § 82.053, the commissioner is authorized to direct GEICO to make complete restitution to each policyholder impacted by the violations.

## Order

It is further ordered that GEICO is ordered to comply with the following:

a. GEICO must identify all personal automobile insurance policies issued or renewed in Texas with effective dates from September 1, 2021, through September 19, 2024 (the Review Period) that were incorrectly rated by assigning a premium consequence to a zero-dollar claim.

b. For each policy in the Review Period, GEICO must calculate the Corrected Premium without assigning a premium consequence for claims not paid or payable. If the premium charged is more than the Corrected Premium, the difference constitutes the "Overcharge."

c. GEICO must pay restitution with interest in the form of a company check or account credit to each policyholder identified in the Review Period as having an Overcharge (the Qualifying Policyholders). The rate of interest is five percent per annum.

d. GEICO must mail the restitution and interest checks or issue the account credits to the Qualifying Policyholders on or before April 1, 2025.

e. Any restitution or interest checks that are returned to GEICO with an address correction must be promptly resent to the correct address. Funds from any restitution or interest checks that are returned thereafter for incorrect addresses and from checks that are not negotiated must be reported and delivered to the comptroller pursuant to the procedures and deadlines set forth in TEX. PROP. CODE §§ 72.001 *et. seq.*, 73.001 *et. seq.*, and 74.001 *et. seq.*

f. On or before May 31, 2025, GEICO must report the restitution and interest paid to the Qualifying Policyholders by submitting a complete and sortable electronic spreadsheet to the department. The spreadsheet must contain the following information:

    i. policy number;
    ii. policyholder name;
    iii. policyholder address;
    iv. effective date of the policy;
    v. expiration date of the policy;

vi. amount of Overcharge;
vii. dollar amount of simple interest;
viii. amount of Overcharge and interest;
ix. date(s) of mailing of restitution check or credits;
x. the total sum of all Overcharges;
xi. the total sum of all simple interest; and
xii. the total sum of all restitution paid (total Overcharges plus the total of the simple interest).

g. GEICO must send all submissions required under the terms of this order by an agreed-upon secured electronic transmission method, which may include an email to: EnforcementReports@tdi.texas.gov.

Signed by:
FC5D7EDDFFBB4F8...

Cassie Brown
Commissioner of Insurance

Recommended and reviewed by:

Leah Gillum, Deputy Commissioner
Fraud and Enforcement Division

Mandy Meesey, Associate Commissioner
Enforcement

**2025-9142**



## Affidavit

**STATE OF** MARYLAND §
§
**COUNTY OF** MONTGOMERY §

Before me, the undersigned authority, personally appeared SCOTT E. MAHLER, who being by me duly sworn, deposed as follows:

"My name is SCOTT E. MAHLER. I am of sound mind, capable of making this statement, and have personal knowledge of these facts which are true and correct.

I hold the office of UNDERWRITING EXECUTIVE and am the authorized representative of GEICO Texas County Mutual Insurance Company. I am duly authorized by said organization to execute this statement.

GEICO Texas County Mutual Insurance Company has knowingly and voluntarily entered into the foregoing consent order and agrees with and consents to the issuance and service of the same by the commissioner of insurance of the state of Texas."

____________________
Affiant

SWORN TO AND SUBSCRIBED before me on FEB 4, 2025, 2025.

(NOTARY SEAL)

ADRIANA VEJARANO SAMPER
NOTARY PUBLIC
Montgomery County, MD

Adriana Vejarano Samper
Signature of Notary Public

Adriana Vejarano Samper
Printed Name of Notary Public

ADRIANA VEJARANO SAMPER
Notary Public - State of Maryland
Montgomery County
My Commission Expires May 6, 2026